UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MICHAEL CANDIO,                                                    2:24-CV-04857-AYS

                                    Plaintiff,

                                                                   **DEFENDANTS'**
-vs.-                                                              **ANSWER**

UG ENTERPRISES, INC. d/b/a UNCLE
GIUSEPPE'S MARKETPLACE, UNCLE
GIUSEPPE'S MELVILLE, INC., and ROBERT
BACCELLO,

                                    Defendants.

------------------------------------------------------------------X

Defendants, UG Enterprises, Inc. d.b.a. Uncle Giuseppe's Marketplace, Uncle Giuseppe's

Melville, Inc. ("Uncle G's" or "Defendant") and Robert Baccello ("Baccello" or "Defendant"),

collectively the Defendants, by and through its attorneys, The DeIorio Law Group, PLLC,

hereby responds to the  Plaintiff, Michael Candio's ("Mr. Candio" or "Plaintiff") Complaint in

accordance with the numbered paragraphs as follows:

## NATURE OF THE CLAIMS

1. The allegations in Paragraphs "1" and "2" , of Plaintiff's Complaint contain conclusions

of law to which no responsive pleading is required. To the extent an answer is deemed required,

Defendants deny the allegations contained in Paragraphs "1" and "2".

## JURISDICTION AND VENUE

2. Defendants admit the allegations contained in Paragraphs  "3" and "5" of the Plaintiff's

Complaint.

3. Defendants deny knowledge or information sufficient to form an Answer as to the

allegations contained in Paragraph "4" of the Plaintiff's Complaint.

1

## EXHAUSTION OF REMEDIES

4.  Defendants admit the allegations contained in Paragraphs "6" and "7" of the Plaintiff's Complaint.

5.  Defendants deny knowledge or information sufficient to form an Answer as to the allegations contained in Paragraph "8" of the Plaintiff's Complaint.

## PARTIES

### Plaintiff Michael Candio

6.  Defendants deny knowledge or information sufficient to form an Answer as to the allegations contained in Paragraphs "9", "10" and "13" of the Plaintiff's Complaint.

7.  Defendants admit the allegations contained in Paragraphs "11" and "12" of the Plaintiff's Complaint.

8.  The allegations in Paragraphs "14" of Plaintiff's Complaint contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations contained in Paragraph "14" of the Plaintiff's Complaint.

### Defendant UG Enterprises, Inc. d/b/a Uncle Giuseppe's Marketplace

9.  Defendants admit the allegations contained in Paragraphs "15", "16", "17", "18", "19", "20", "21", "23", and "24" of the Plaintiff's Complaint.

10. Defendants deny knowledge or information sufficient to form an Answer as to the allegations contained in Paragraph "22" of the Plaintiff's Complaint.

2

11. The allegations in Paragraphs "25" of Plaintiff's Complaint contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations contained in Paragraph "25" of the Plaintiff's Complaint.

**Defendant Uncle Giuseppe's Melville, Inc.**

12. Defendants admit the allegations contained in Paragraphs "26", "27", "28", "29", "30", "31", "32", "33", and "34" of the Plaintiff's Complaint.

13. The allegations in Paragraphs "35" of Plaintiff's Complaint contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations contained in Paragraph "35" of the Plaintiff's Complaint.

**Defendant Robert Baccello**

14. Defendants admit the allegations contained in Paragraph "36" of the Plaintiff's Complaint.

15. Defendants deny knowledge or information sufficient to form an Answer as to the allegations contained in Paragraphs "37", "38", "39" and "40" of the Plaintiff's Complaint.

16. The allegations in Paragraphs "41" and "42" of Plaintiff's Complaint contain conclusions of law to which no responsive pleading is required. To the extent an answer is deemed required, Defendants deny the allegations contained in Paragraphs "41" and "42" of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

17. Defendants admit the allegations contained in Paragraphs "43", "44", "45", "49", "65", "66", "71", "73", "74", "75", "78", and "94" of the Plaintiff's Complaint.

18. Defendants deny the allegations contained in Paragraphs "46", "47", "50", "59", "61", "62", "63", "64", "67", "68", "69", "70", "72", "76" "79", "80", "82", "83", "84", "88", "89", "90", "91", "92", "93", "95", "98", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", and "118" of the Plaintiff's Complaint.

19. Defendants deny the allegations contained in Paragraphs "48" of the Plaintiff's Complaint but denies knowledge or information sufficient to form an Answer as to the allegations that "Robert Olsen ("Olsen"), the Melville Market Store Manager, preceding Baccello, was subsequently promoted to Operations Manager for Uncle Giuseppe's – a company-wide position."

20. Defendants deny knowledge or information sufficient to form an Answer as to the allegations contained in Paragraphs "51", "52" , "53", "54", "55", "56", "57", "58", "60", "77", "85", "86", "87", "96", "97", and "99" of Plaintiff's Complaint.

21. Defendants deny knowledge or information sufficient to form an Answer as to the allegations contained in Paragraph "81" but admits that "he had received the accommodation for each of the previous two years."

## FIRST CAUSE OF ACTION
Failure to Accommodate in Violation of Title VII
(As to the Uncle Giuseppe's Defendants Only)

4

22. Defendants repeat and reallege each and every response to the allegations in Paragraphs "1" through "21" of the Plaintiff's Complaint, as if fully set forth herein.

23. Defendants deny the allegations contained in Paragraphs "120" and "121" of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
Failure to Accommodate in Violation of NYSHRL
(As to all Defendants)

24. Defendants repeat and reallege each and every response to the allegations in Paragraphs "1" through "23" of the Plaintiff's Complaint, as if fully set forth herein.

25. Defendants deny the allegations contained in Paragraphs "123" and "124" of the Plaintiff's Complaint.

## THIRD CAUSE OF ACTION
Discrimination in Violation of Title VII
(As to the Uncle Giuseppe's Defendants Only)

26. Defendants repeat and reallege each and every response to the allegations in Paragraphs "1" through "25" of the Plaintiff's Complaint, as if fully set forth herein.

27. Defendants deny the allegations contained in Paragraphs "126" and "127" of the Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
Discrimination in Violation of the NYSHRL
(As to all Defendants)

28. Defendants repeat and reallege each and every response to the allegations in Paragraphs "1" through "27" of the Plaintiff's Complaint, as if fully set forth herein.

29. Defendants deny the allegations contained in Paragraphs "129" and "130" of the Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION
Retaliation in Violation of Title VII
(As to the Uncle Giuseppe's Defendants Only)

30. Defendants repeat and reallege each and every response to the allegations in Paragraphs "1" through "29" of the Plaintiff's Complaint, as if fully set forth herein.

31. Defendants deny the allegations contained in Paragraphs "132" and "133" of the Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION
Retaliation in Violation of the NYSHRL
(As to all Defendants)

32. Defendants repeat and reallege each and every response to the allegations in Paragraphs "1" through "31" of the Plaintiff's Complaint, as if fully set forth herein.

33. Defendants deny the allegations contained in Paragraphs "135" and "136" of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under such equitable defenses that the evidence demonstrates, including but not limited to, the doctrine of unclean hands.

6

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to make good faith and diligent efforts to mitigate his purported damages, if any.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, and estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part by his own acts, omissions, or conduct.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

For most of Plaintiff's employment, Plaintiff was a part-time employee.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend its Verified Answer to the Complaint, and to assert such additional affirmative and/or separate defenses as are made known during discovery.

7

**WHEREFORE**, Defendants respectfully request that (1) the Court dismiss the

Complaint in its entirety; and (2) grant such other and further relief as the Court deems just and

proper.

Dated:  Rye Brook, New York
        August 5, 2024

Yours,
The DeIorio Law Group, PLLC


Patrick V. DeIorio, Esq., PD 6403
800 Westchester Avenue, Suite S608
Rye Brook, NY 10573
Tel.: (914) 696-5555
pvd@deioriolawgroup.com

**VIA PACER & E-MAIL**
justin@akinlaws.com
Justin Ames, Esq.
Counsel for Plaintiff
Akin & Salaman, PLLC
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

8