# AKIN & SALAMAN PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel.  (212) 825-1400     Fax.  (212) 825-1440

May 26, 2026

<u>**Via ECF**</u>
The Honorable Frederic Block, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 10C
Brooklyn, New York 11201

      Re:    *Candio v. UG Enterprises, Inc. d/b/a Uncle Giuseppe's Marketplace, et al.*
               Case No. 2:24-cv-04857 (FB)(AYS)

Dear Judge Block:

This firm represents Plaintiff, Michael Candio ("Plaintiff") in the above-referenced action against Defendants UG Enterprises, Inc. d/b/a Uncle Giuseppe's Marketplace and Uncle Giuseppe's Melville, Inc. (collectively, "Uncle Giuseppe's") and Robert Baccello ("Baccello") (Uncle Giuseppe's and Baccello, collectively, "Defendants").  In accordance with Paragraph 2.A of Your Honor's Motion Practices and Rules, and the February 11, 2026, Text Order of Hon. Anne Y. Shields, U.S.M.J., Plaintiff writes to respectfully request a pre-motion conference in advance and anticipation of filing a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

## I.      <u>Preliminary Statement and Summary of Material Facts</u>

In this action, Plaintiff alleges that Defendants—his former employers—failed to accommodate his religious practices, discriminated against him on the basis of his religion, and retaliated against him for his opposition to Defendants' discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* (the "NYSHRL").  The material facts are straightforward and undisputed.

Plaintiff is a lifelong devout Roman Catholic.  Uncle Giuseppe's is a large Italian specialty supermarket.  During the relevant periods, Baccello was the Store Manager of Uncle Giuseppe's Melville store location (the "Melville Market"), overseeing over 200 employees.  Defendants employed Plaintiff as a Deli Clerk—an entry level position—at the Melville Market.  Each year during Plaintiff's employment, Defendants maintained a blackout calendar.  In 2023, Defendants' blackout calendar contained 76 "blackout dates", including Easter Sunday.

Easter Sunday is the holiest day of the year in Plaintiff's faith.  Plaintiff attends church and does not work on Easter Sunday.  This included Easter Sunday 2022, when Plaintiff was employed as a full-time deli clerk at Uncle Giuseppe's.  In 2022, Plaintiff requested from his prior direct supervisor (the then-deli department manager) to have Easter Sunday off to observe the holiday.  Plaintiff's prior supervisor granted Plaintiff's request, and Plaintiff did not work on Easter Sunday 2022.  Plaintiff did not work on Easter Sunday 2022, even though Easter Sunday 2022 was a "blackout date".  Defendants did not produce

any evidence suggesting that Plaintiff having off on Easter Sunday 2022 imposed an undue burden on their business.

After Easter Sunday 2022, Defendants began utilizing Paycom—an electronic payroll and employee benefits platform—to facilitate certain human resources functions, including employee requests for PTO. In March 2023, through the Paycom application, Plaintiff requested a religious accommodation to have off on Easter Sunday—April 9, 2023. Although Plaintiff had accrued sufficient PTO to cover his request for time off, Defendants denied Plaintiff's request because Easter Sunday 2023 was a "blackout date". Promptly following Defendants' denial of Plaintiff's request, Plaintiff told his new deli department manager, Vincent Ruggieri ("Ruggieri") that he needed to take off on Easter Sunday to attend church and observe the holiday with his family. Ruggieri rejected Plaintiff's request for Easter Sunday off, and Plaintiff told Ruggeri that he would not be coming into work on Easter Sunday.

Less than an hour after the scheduled start of his Easter Sunday 2023 shift, Plaintiff texted Ruggieri a reminder that he was not coming in for his shift, in observation of Easter. Plaintiff did not work his shift on Easter Sunday 2023. Plaintiff returned to work the next day and worked his shifts on April 10 and 11, 2023, without incident. On Plaintiff's next scheduled workday—April 13, 2023—Baccello terminated Plaintiff's employment with Uncle Giuseppe's. Defendants' basis for terminating Plaintiff's employment is set forth in the termination form signed by Baccello. On the termination form, in the box labeled 'REASON FOR TERMINATION', Defendants' justification is—reproduced in its entirety—as follows:

> [Plaintiff]'s PTO for Easter was denied, he was expected to come into his scheduled shift 7am to 3:30 pm. He did not come into his scheduled shift and texted [Ruggieri] his department manager at 7:46 am he will not be coming in due to observation of Easter.

But for Plaintiff's Roman Catholic faith requiring him to take PTO during a "blackout date", Defendants' denial of that requested accommodation, and Plaintiff observing the holiday despite Defendants' denial of his requested shift off, Plaintiff would not have been terminated from Defendants.

## II.    Plaintiff is Entitled to Summary Judgment on all Claims

Title VII prohibits discrimination in employment based upon certain specified protected classes, including religion. 42 U.S.C. § 2000e-2(a)(1). A plaintiff may allege a violation of Title VII by "discrete act", which entails a showing, "that he has suffered an adverse job action under circumstances giving rise to an inference of discrimination on the basis of [his]…religion…". *Tassy v. Buttigieg*, 51 F.4th 521, 529 (2d Cir. 2022) (internal quotations omitted). Separately, a plaintiff may establish a violation of Title VII by showing that his employer failed to provide him with a reasonable accommodation for his religious practices, so long the employee could have been accommodated without imposing an undue hardship. 42 U.S.C. § 2000e(j). Undue hardship means a "substantial" burden in the context of the employer's business. *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).

Under Title VII, "A plaintiff may prove discrimination either by direct evidence of intent to discriminate or indirectly showing circumstances giving rise to an inference of discrimination." *Banks v. GM, LLC*, 81 F.4th 242, 270 (2d Cir. 2023) (internal quotations omitted). Direct evidence may include, "…statements by the employer that [the protected category] was the reason for the discharge…". *Haskell v. Kaman Corp.*, 743 F.2d 113, 119 (2d Cir. 1984). The *McDonnell Douglas* burden shifting framework

is applied only when Plaintiff relies upon an inference of discrimination to establish discriminatory intent. *Bart v. Golub Corp.*, 96 F.4th 566, 569 (2d Cir. 2024).

Title VII further prohibits an employer from retaliating against an employee because the employee has opposed a discriminatory employment practice.  42 U.S.C. § 2000e-3(a).  Although the Second Circuit has yet to decide whether a request for a reasonable religious accommodation constitutes a protected activity, several district Courts within this Circuit have held that it does.  *Pagan v. Rsch. Found. of the City Univ. of N.Y.*, 2025 LX 440531, at *19-20 (S.D.N.Y. Sep. 30, 2025) (collecting cases).  An employee persisting with their religious practices in spite of the employer's unlawful discriminatory conduct has made an "informal protest" sufficient to constitute a protected activity under Title VII.  *Wooten-Francis v. City of N.Y.*, 2013 U.S. Dist. LEXIS 178458, at *13 (E.D.N.Y. Dec. 19, 2013).

Defendants' discriminatory and retaliatory intent is direct and unequivocal.  According to Defendants' internal, contemporaneous documentation, Plaintiff requested the day off to observe Easter, Defendants denied Plaintiff's request, Plaintiff refused to report for his shift to observe the holiday, and Defendants terminated Plaintiff four days later because—in defiance of Defendants' denial of his accommodation request—Plaintiff refused to work his Easter Sunday shift.  Though Plaintiff invariably establishes each element of the *McDonnell Douglas* analysis, the analysis is unnecessary; Defendants' discriminatory and retaliatory intent is explicit.

As a matter of law, no reasonable juror could conclude Plaintiff's requested accommodation imposed an undue burden on Defendants.  Defendants argue that Plaintiff's request for Easter Sunday 2023 imposed an undue hardship because they maintained an annual calendar listing "blackout dates" during which no employee was permitted to take even a single scheduled shift off for any reason.  The evidence adduced during discovery is conclusive—Plaintiff's request for Easter Sunday 2023 off did not unduly burden on Defendants.

Among a number of other reasons, Plaintiff's accommodation request did not impose an undue burden on Defendants because: (1) Plaintiff did not work on at least 31 "blackout dates" predating Easter Sunday 2023, *including Easter Sunday 2022*, with no reported hardship to the business; (2) Defendants acknowledged that an employee missing a "blackout" shift for a situation "out of their hands", such as a car accident, would be excused; (3) Defendants did not produce evidence of any concrete economic loss resulting from Plaintiff not working the Easter Sunday 2023 shift; and (4) Plaintiff was unintegral to Defendants' business operations; Defendants terminated him four days after Easter Sunday 2023, and less than a month before the next "blackout date".

Following the 2019 amendments to the NYSHRL, the NYSHRL is now afforded a broad, liberal construction and analyzed in line with the NYCHRL.  See, e.g., *Syeed v. Bloomberg L.P.*, 2022 U.S. Dist. LEXIS 147563, at *14 (S.D.N.Y. Aug. 17, 2022).  "A plaintiff may establish discrimination by showing that he was treated less well, at least in part for a discriminatory reason." *Choudhury v. Northwell Health, Inc.*, 2025 LX 320579, at *14 (E.D.N.Y. Aug. 8, 2025) (internal quotations omitted) (applying NYCHRL standard to post-Amendment NYSHRL claims).  Because the NYSHRL is substantially more protective than Title VII, as Plaintiff has established entitlement to summary judgment on his Title VII claims, he has necessarily also established entitlement to summary judgment on his NYSHRL claims.

We thank the Court for its attention to this matter and consideration of this request.

3

Respectfully submitted,

**Akin & Salaman PLLC**

*/s/ Justin Ames*

_____

Justin Ames

cc: All parties (Via ECF)